**UNITED STATES of America,
Appellee,**

v.

**Harry Blake JOHNSON, Appellant.**

**No. 71–1056.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 31, 1971.

Decided Nov. 26, 1971.

Robert L. Dolbeare, Richmond, Va. (court-appointed counsel) [Obenshain, Hinnant & Dolbeare, Richmond, Va., on brief] for appellant.

Rodney Sager, Asst. U. S. Atty., for the Eastern District of Virginia (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before BRYAN, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM:

Harry Blake Johnson appeals his conviction of conspiracy and interstate travel in aid of racketeering in violation of 18 U.S.C. §§ 2, 371, and 1952. His principal assignment of error is the district court's refusal to suppress evidence seized under the authority of a search warrant issued by a state justice of the

**1322**

peace. Johnson contends the evidence should have been excluded because Federal Rule of Criminal Procedure 41(a)[1] requires that the state officer issuing a search warrant be a judge of a court of record. He makes no claim that the warrant or the search and seizure violated the fourth amendment. He relies on Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1948), Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927), and Navarro v. United States, 400 F.2d 315 (5th Cir. 1968), which hold that where federal officers participate, the search must be conducted according to federal standards. The district court admitted the evidence because in its opinion the federal agents did not participate in the search.

The evidence disclosed that an informant told the F.B.I. of gambling operations that had come to his attention. He also notified the state police, who conducted an investigation. The state officers obtained a search warrant, searched the gamblers' premises, seized and marked the evidence and retained custody of it. They also prosecuted charges against the operators of the gambling establishment in a state court. Later when the federal case was tried, they testified about the search and laid the foundation for the introduction into evidence of the articles that they had seized.

■ Federal agents conferred with the state officers about the investigation, but they did not assist in obtaining the warrant. Three federal agents were present when the state officers searched the premises. They did not, however, join in the search, seize any evidence, or interrogate any suspects. We believe the district judge correctly held that the federal agents were present simply as observers and that they did not participate in the search. *Cf.* United States v.

Coronna, 420 F.2d 1091 (5th Cir. 1970); Stonehill v. United States, 405 F.2d 738 (9th Cir. 1968), cert. denied, 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747 (1969).

■ Johnson also complains that his motion for a severance and mistrial should have been granted after the other defendants changed their pleas to guilty during the trial. We think the court's instructions to the jury about this unexpected occurrence fully protected Johnson, and we find no abuse of discretion in the denial of the motion.

Affirmed.

---

1. Federal Rule of Criminal Procedure 41(a) provides:

"(a) Authority to Issue Warrant. A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial court of record or by a United States commissioner within the district wherein the property sought is located."