**UNITED STATES of America, Appellee,**

v.

**Peter Edward HAMLIN, Appellant.**

**No. 76–1046.**

United States Court of Appeals, Fourth Circuit.

Submitted April 12, 1976.

Decided Aug. 26, 1976.

Melzer A. Morgan, Jr., Reidsville, N. C., Gwyn, Gwyn & Morgan, Reidsville, N. C., on brief for appellant.

N. Carlton Tilley, Jr., U. S. Atty., and Benjamin H. White, Jr., Asst. U. S. Atty., Greensboro, N. C., on brief for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Peter Edward Hamlin has appealed from his conviction at a bench trial on two counts of federal liquor tax violations.[1] He complains that the warrant for the search that led to the discovery of illegal whiskey in his home was not issued in compliance with Fed.R.Crim.P. 41 and that certain statements he made to law enforcement officers should not have been admitted at his trial because they were fruits of the illegal search.

■ The basis of Hamlin's first claim is that the warrant for the search of his home and vehicles was not issued by a federal magistrate or state judge as required by Rule 41; instead, the warrant was issued by a state magistrate. Rule 41 is applicable, however, only to searches in which there is participation by federal officers. *Navarro v. United States*, 400 F.2d 315, 318 (5th Cir. 1968). In this case, there was testimony that a state Alcohol Beverage Control (ABC) officer had often discussed with federal officers his suspicions that Hamlin was dealing in illegal whiskey, and that he had discussed with a federal officer the possibility of using an informant against Hamlin eleven days before the warrant was issued. The search warrant also indicated that Hamlin was suspected of violating both federal and state laws, and Hamlin ultimately was tried only on federal charges.

■ Nonetheless, a review of the testimony of the state ABC officer supports the conclusion that the investigation and search which led to the federal prosecution was in fact a state undertaking without federal participation. When the Hamlin case was discussed with a federal officer eleven days before the warrant was issued, the federal officer was unable to provide an agent to assist in the investigation. The state agent testified that no federal officer knew about the warrant, the information obtained as a result of the search, or the specific information which provided probable cause to obtain the warrant until several hours after the search. The state agent also testified that he did not decide to ask federal law enforcement officials to prosecute the case until after the search. No federal agent was present for the search, and there is no indication that any federal agent participated in the obtaining of the search warrant. Where the circumstances support the conclusion that the search was a state, not a federal, undertaking, evidence obtained in an otherwise legal search is not inadmissible because the warrant was obtained from a state magistrate rather than from one of the officials designated by Rule 41.[2] *See United States v. Johnson*, 451 F.2d 1321, 1322 (4th Cir. 1971), *cert. denied* 405 U.S. 1018, 92 S.Ct. 1298, 31 L.Ed.2d 480 (1972).

There being no defect in the search, there was no taint to make statements obtained as a result of the search inadmissible.

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

*AFFIRMED.*

---

1. The first count charged that he transported and concealed thirty and one-half gallons of liquor in violation of 26 U.S.C. § 5601(a)(12). The second count charged that he possessed that liquor in violation of 26 U.S.C. §§ 5205(a)(2), 5604(a)(1).

2. It is undisputed that the warrant was issued in accordance with state law and that probable cause was shown for the issuance of the warrant.