HUSSEY *v.* DAVIS.

A search-warrant, issued under Gen. St., c. 237, must require the officer to make return of his proceedings thereon, with an inventory.

TRESPASS, for breaking and entering the plaintiff's house.   The defendant justified as a deputy sheriff, executing a search-warrant.

*G. W. Burleigh*, for the plaintiff.

*Copeland & Edgerly*, for the defendant.

DOE, C. J.   No search-warrant can be lawfully issued but in cases and with the formalities prescribed by law.   Bill of Rights, *art.* 19. The common law of search-warrants, affirmed in the Bill of Rights, is of extraordinary strictness.   Cooley Const. Lim. 303 ; Cooley on Torts 295.   The " warrant shall require the officer" " to make return of his proceedings thereon, with an inventory of such things sought as shall there be found, and of such things as, being liable to seizure, have been taken by him, and are in custody."   Gen. St., c. 237, s. 3. In this case, as the warrant did not require the officer to make return of his proceedings or of an inventory, it is erroneous, and affords no justification to the defendant.   *Guenther* v. *Day*, 6 Gray 490.   He made return of his proceedings with the prescribed inventory : but the defect in the warrant was not cured by his doing what a valid warrant would have required him to do.

Case discharged.

FOSTER, J., did not sit.