UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Glenn CORONNA, Defendant-Appellant.

No. 27508
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1970.

Joseph A. Varon, Hollywood, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

■ Appellant, Carl Glenn Coronna, was found guilty in the United States District Court for the Southern District of Florida under an indictment charging possession of counterfeit federal reserve notes in violation of 18 U.S.C. § 472 (1964) and conspiracy to possess, pass, publish and conceal counterfeit obligations of the United States in violation of 18 U.S.C. § 371 (1964). He contends (a) that the lower court erred in permitting the introduction of certain evidence seized during an allegedly unlawful search of his apartment and, (b) that the portion of the municipal charter of the city of Fort Lauderdale, Florida authorizing the issuance of warrants is unconstitutional. We find no merit in these contentions and affirm.[1]

On March 22, 1967 the judge of the Municipal Court of the City of Fort Lauderdale, Florida issued a warrant authorizing city police officers to search appellant's apartment for marijuana. The officers executed the warrant and discovered marijuana and counterfeit money. Federal officers were immediately notified and the counterfeit money was turned over to them when they arrived at appellant's apartment.[2]

Appellant contends that the counterfeit money was improperly introduced at his trial because the search which produced the money was a federal search not conducted in accordance with the requirements of Rule 41(a) of the Federal Rules of Criminal Procedure, which provides:

> (a) Authority to Issue Warrant. A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial *court of record* or by a United States commissioner within the district wherein the property sought is located. (Emphasis added)

The government implicitly agrees that the provisions of this rule were not followed because the court issuing the search warrant was not a court of record. The government argues, however, that there was no federal search.

Appellant relies exclusively on our decision in Navarro v. United States[3] to support his contention that the counterfeit money was discovered during a federal search. In that case, a city police officer obtained a search warrant for narcotics which were allegedly located in Navarro's home. The search warrant was not issued by a court of record. Shortly after obtaining the warrant, the city officer invited federal narcotics agents to participate in the execution of the warrant. The invitation was accepted and both city and federal officers conducted the search which revealed the narcotics. Navarro's subsequent conviction for illegal possession of narcotics was reversed because the narcotics were discovered during a federal search which had not been conducted in accordance with the requirements of Rule 41(a). In Navarro, the court turned to Justice Frankfurter's opinion in Lustig v.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

2. The federal district court found that the search and seizure were conducted in accordance with constitutional standards. Appellant does not challenge this finding. Appellant contends that the search was conducted in violation of Rule 41(a) of the Fed.R.Crim.P.

The marijuana found during the search formed the basis of appellant's conviction in state court.

3. 400 F.2d 315 (1968).

United States [4] for a definition of "federal search:"

> The crux of that doctrine is that a search is a search by a federal official if he had a hand in it * * *. It is immaterial whether a federal agent originated the idea or joined in it while the search was in progress. So long as he was in it before the object of the search was completely accomplished, he must be deemed to have participated in it.[5]

 In the instant case, appellant argues that the search became a federal search when federal officers were called to his apartment "to aid the city police officers and effectuate an arrest for violation of federal laws." This allegation is incorrect insofar as it suggests that federal officers in any way participated in the search of appellant's apartment. The record reveals that the search was conducted entirely by city police. When the counterfeit money was discovered, federal officers were notified and the money was turned over to them when they arrived at appellant's apartment. Thus, this contention fails because the federal officials did not participate in the search.

 Appellant also contends that § 129 of the municipal charter of the City of Fort Lauderdale [6] authorizing a city judge to issue a search warrant to obtain evidence of the violation of any municipal ordinance is void for vagueness and contravenes the Fourth Amendment of the United States Constitution and Section 22 of the Declaration of Rights of the Florida Constitution.[7] We reject, as frivolous, the "void for vagueness" argument. Regarding the second point, we understand appellant's objection to be that the municipal judge *could* have relied on this section to issue a search warrant which did not comply with constitutional standards.[8] Suffice it to say that we have enough difficulty dealing with real controversies and respectfully decline to comment on the hypothetical case posed by appellant.

Judgment affirmed.

---

4. 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949).

5. 400 F.2d 315, 317 (1968).

6. Section 129 provides in pertinent part:
   Section 129. SEARCH WARRANTS. The Municipal Judge of City of Fort Lauderdale shall have power to issue search warrants * * * to obtain evidence and facts of the violation of any of the laws or ordinances of City of Fort Lauderdale. * * *

7. The Fourth Amendment of the United States Constitution and Section 22 of the Declaration of Rights of the Florida Constitution are identical.

8. The district court specifically found that the search of appellant's apartment and seizure of the counterfeit money and marijuana had been conducted in accordance with constitutional requirements.