469 F.2d 1375
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joanne HANSON and Virgil Lloyd Polk, Jr., Defendants-Appellants.
 No. 72-1528.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 1, 1972.
Rehearing Denied Jan. 29, 1973.
 
 Charles D. Moyers, El Paso, Tex., for defendants-appellants.
 William S. Sessions, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.
 Before DYER, SIMPSON and MORGAN, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Appellants, Joanne Hanson and Virgil Lloyd Polk, Jr., were convicted below of possessing with intent to distribute approximately 147 tablets of Lysergic Acid Diethylamide (LSD), a controlled substance, in violation of Title 21, U.S. Code, Section 841(a)(1). We determine that appellants were convicted by evidence obtained through use of a defective search warrant and accordingly reverse the judgments of conviction.
 
 
 2
 On August 28, 1971, City of El Paso Narcotics Squad officers stopped a 1970 Ford camper driven by appellant Polk and occupied by appellant Hanson. The officers transported the camper to the office of Texas Justice of the Peace Ben Mejia who issued a search warrant authorizing search of the vehicle. In the course of the search, officers found the LSD tablets which became the subject of the prosecution. United States Customs Agent Baden was present during the search, and Agent Bautista of the Bureau of Narcotics and Dangerous Drugs of the U. S. Treasury Department arrived while the search was in progress. Following the search, appellants were arrested for violation of Title 21, U.S. Code, Section 841(a)(1). Agent Baden advised appellants of their Miranda rights and they were thereupon arraigned before a United States Magistrate. Federal indictment and prosecution followed. With the single exception of the issuance of the search warrant, agents of the federal government took all of the critical procedural steps and legal actions leading to trial and conviction below.
 
 
 3
 Appellants contended below and contend here that the LSD tablets should have been suppressed because a Texas Justice of the Peace is not an officer empowered by Rule 41(a), F.R.Crim.P., to issue a search warrant authorizing a federal search for use in a federal prosecution. In pertinent part Rule 41(a) provides:
 
 
 4
 "Authority to Issue Warrant. A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial court of record or by a United States commissioner within the district wherein the property sought is located." (Emphasis supplied.)
 
 
 5
 This Court decided in Navarro v. United States, 5 Cir. 1968, 400 F.2d 315, in applying Rule 41(a), that a valid search warrant for a federal search which culminates in a federal prosecution may, if issued by a state court, be issued only by a state court of record. That decision is binding upon this panel in this appeal. We must answer two questions in order to determine the validity of the search warrant in this case: (1) was the challenged search federal in character, and (2) is a Texas Justice of the Peace Court a court of record for the purposes of Rule 41(a) of the Federal Rules of Criminal Procedure?
 
 
 6
 It is clear factually that the challenged search was federal in character and hence governed by the quoted requirement of Rule 41(a), F.R.Crim.P. In Byars v. United States, 1927, 273 U. S. 28, 47 S.Ct. 248, 71 L.Ed. 520, the Supreme Court held that if a federal agent is invited to participate in a joint search with state officers, the legality of the search and the admissibility of evidence seized in the search must be tested, in a federal prosecution, as if the search were exclusively federal. In Lustig v. United States, 1949, 338 U.S. 74, 79, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819, 1923, the Court refined the Byars test, and held that so long as the federal officer participated in the search ". . . before the object of the search was completely accomplished, he must be deemed to have participated in it". Under the Byars-Lustig test, the presence and participation of Agent Baden and Agent Bautista sufficed to render the search here a federal search and to make applicable to the search warrant and the search conducted under it the requirements of Rule 41(a).
 
 
 7
 In Navarro v. United States, supra, this Court held that while the authority of a state court to issue a federal search warrant comes from federal law, state law determines whether or not the state court is a court of record and hence authorized to do so. Navarro v. United States, supra, 400 F.2d at 319, fn. 6. On several occasions the Texas courts have held that a Texas Justice of the Peace Court is not a court of record. Warren v. Barron Bros. Millinery Co., 1930, 118 Tex. 659, 23 S.W.2d 686, 687; Hutcherson v. Blewett, Tex.Civ.App. 1900, 58 S.W. 150, 151; Ex Parte Quong Lee, 1895, 34 Tex.Cr.R. 511, 31 S.W. 391.
 
 
 8
 The government contends that Tex.Code Crim.Pro. art. 2.09, which designates a justice of the peace a magistrate, and Tex.Code Crim.Pro. art. 2.10, which empowers all magistrates ". . . to issue all process intended to aid in preventing and suppressing crime . . ." somehow empowered the Texas Justice of the Peace Ben Mejia to issue a valid federal warrant in this case. This amounts to no more than an attempt to obviate the vital distinction between a warrant which is valid in a Texas prosecution and a warrant which satisfies the federal requirements of Rule 41(a) of the Federal Rules of Criminal Procedure. The government attempted to prove at trial that since a justice of the peace court has most of the procedural indicia of a court of record it should be considered a court of record for the purposes of Rule 41(a) of the Federal Rules of Criminal Procedure. This approach must fail. Under Navarro, supra, the question of whether or not a state court satisfies the "court of record" requirements of Rule 41(a) must be determined by reference to state law and not by attempted federal interpretation of the language of Rule 41(a).
 
 
 9
 Evidence obtained in a federal search pursuant to a search warrant issued by a state court not a court of record under state law is inadmissible in a federal prosecution.
 
 
 10
 The judgments of conviction appealed from are
 
 
 11
 Reversed.