306 So.2d 45

**In re W. W. JONES and Bobby Weatherford**

v.

**STATE.**

**Ex parte W. W. Jones and Bobby Weatherford.**

**SC 919.**

Supreme Court of Alabama.

Jan. 9, 1975.

William H. Rogers, Moulton, for petitioners.

William J. Baxley, Atty. Gen., Montgomery, and Roger M. Monroe, Sp. Asst. Atty. Gen., Birmingham, for State.

PER CURIAM.

The writ of certiorari is quashed and the judgment of the Court of Criminal Appeals is affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.

COLEMAN, J., dissents.

BLOODWORTH, McCALL and JONES, JJ., concur.

COLEMAN, Justice (dissenting):

The writ of certiorari was granted to review the validity of an instrument which the state contends is a search warrant.

The warrant as set out in the opinion of the Court of Criminal Appeals, 54 Ala. App. 167, 306 So.2d 33 recites as follows:

" 'SEARCH WARRANT

" 'STATE OF ALABAMA, ⎰
   LAWRENCE COUNTY. ⎰

" 'Proof by affidavit having been made this day before me, by Kenneth Brown,

an Auxiliary Deputy for the Lawrence County Sheriff's Department, that he has probable cause to believe and does believe that one William W. Jones, whose name is otherwise unknown, has concealed in one 1965 green Chevrolet automobile, bearing 1972 Tennessee license plates 89–C539, one or more counterfeit twenty dollar United States Treasury notes, Federal Reserve notes, or twenty dollar bills contrary to law, said automobile being now located in the parking lot behind the Lawrence County Sheriff's office.

" 'You are hereby commanded to make immediate search, in the daytime, of the above-described automobile at the above-described location for one or more counterfeit twenty dollar Federal Reserve notes, Treasury notes or other legal currency of the United States Government and, if you find the same or any part thereof, to hold, retain and dispose of same, according to law and the further order of the Court, and you will make return thereof to the Intermediate Court Judge of Lawrence County, Alabama, of all your acts and doings, under this warrant.

" 'Witness my hand as Intermediate Court Judge of Lawrence County Alabama, this 22nd day of February, 1973.

" 'C. B. Caine, Jr.
   JUDGE OF THE INTERMEDIATE COURT

" ' . . . ' "

The statute defines a search warrant as follows:

"A search warrant is an order in writing in the name of the state, signed by a magistrate, *directed to the sheriff, or to any constable of the county,* commanding him to search for personal property, and bring it before the magistrate." (Emphasis Supplied) Title 15, § 100, Code 1940.

§ 104, Title 15, Code 1940, recites:

"If the magistrate is satisfied of the existence of the grounds of the application, or that there is probable ground to believe their existence, *he must issue a search warrant signed by him, directed to the sheriff, or to any constable of the* *county,* commanding him forthwith to search the person or place named for the property specified, and to bring it before the magistrate." (Emphasis Supplied)

§ 105, Title 15, sets out the form for a search warrant which begins as follows:

" 'The State of Alabama, _____ county. } To the sheriff of any constable of _____ county.

———◆———

" . . . ' "

§ 106, Title 15, provides:

"The warrant may be executed by any one of the officers to whom it is directed, but by no other person, except in aid of such officer, at his request, he being present and acting in its execution."

§ 108, Title 15, provides:

"To execute the warrant, the officer may break open any door or window of a house, or any part of a house, or anything therein, if, after notice of his authority and purpose, he is refused admittance."

It is clear that the instant warrant is not directed to any officer. § 106, Title 15, provides that the warrant may be executed by any one of the officers to whom it is directed "but by no other person, except in aid of such officer."

The statute confers on the officer to whom the warrant is directed the authority to break upon any door or window of a house, or any part of a house, or anything therein, if, after notice of his authority and purpose, he is refused admittance.

The authority to break open the door of a citizen's house is not to be lightly regarded. In dealing with search warrants, certain courts have made statements as follows:

" . . . The validity of the warrant can never depend upon the manner of its execution. It must be valid when issued. . . ." United States v. 63,250 Gallons of Beer, etc., D.C., 13 F.2d 242, 245.

"It is the law that in obtaining and executing search warrants, there must be strict compliance with whatever formalities are required by law. United States v. Borkowski (D.C.1920), 268 F. 408. And it is equally firmly established that this right shall receive a liberal construction in its application to guarantee such right to the people. Gouled v. United States (1921) 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647." Flum v. State, 193 Ind. 585, 141 N.E. 353, 354.

" . . . We think it is essential to the validity of a warrant that it should be directed to an officer or class of officers authorized to execute it . . . " . . .

"Statutes authorizing search warrants are strictly construed. Guenther v. Day, 6 Gray (Mass.) 490; Hussey v. Davis, 58 N.H. 317; Giles v. United States (C. C.A.) 1 Cir., 284 F. 208. At common law the direction in the warrant was regarded as an essential part of it. Russell v. Hubbard, 6 Barb. (N.Y.) 654, 656; Housin v. Barrow, 6 Term Reports, 122; The King v. Weir, 1 Barnewell & Cresswell, 288, 291; Hoye v. Bush, 1 Manning & Granger, 775, 788; People v. Holcomb, 3 Parker, Cr.R. (N.Y.) 656; 1 Chitty's Criminal Law, 38. The directions in these warrants were defective and rendered them invalid." Leonard v. United States, 1 Cir., 6 F.2d 353, 355.

The instant warrant is not directed as required by statute. The warrant cannot be executed by any one of the officers to whom it is directed because it is not directed to any officer whatever.

If it is to be held that a search warrant is valid, although it is not directed to any officer whatever, then the statute requiring that the warrant be directed to the sheriff or to any constable of the county, and that the warrant be executed by one of the officers to whom it is directed, will be nullified.

The instant search warrant is invalid on its face and does not comply with the statutes regulating search warrants. The Court of Criminal Appeals erred in holding that the warrant is not invalid.

BLOODWORTH, McCALL and JONES, JJ., concur.