**UNITED STATES of America, Plaintiff,**

v.

**Dionne Marie MELOTTE, Thomas Gilbert Euclide, and Michael Anthony Reding, Defendants.**

**Cr. No. CR–R–82–24–ECR.**

United States District Court,
D. Nevada.

Aug. 27, 1982.

---

ORDER

EDWARD C. REED, Jr., District Judge.

Defendants Reding and Melotte have moved to suppress evidence obtained pursuant to an alleged unlawful search warrant under Rules 12(b)(3) and 41(f) of the Fed.R. Cr.P. and the Fourth Amendment of the United States Constitution. Defendants assert that the warrant issued by a Justice of the Peace for Reno, Nevada, upon oral affidavit by a federal agent, was invalid, in that the issuing court did not have authority to issue such a warrant under the circumstances.

Briefly, the underlying facts are that in working in conjunction with local authorities, an agent from the Reno office of the Drug Enforcement Administration (DEA) sought to negotiate the purchase of cocaine with the defendants. In the early morning hours of June 5, 1982, following the arrest of the defendants, a telephone conversation between Justice of the Peace Robert L. Van Waggoner and DEA Special Agent Dennis Cameron was arranged by Assistant District Attorney Edwin T. Basl of Washoe County, Nevada, for the purposes of obtaining a search warrant for a hotel room suspected of containing cocaine. The conversation, wherein Agent Cameron gave an oral affidavit, was recorded by Mr. Basl and later transcribed. A search warrant was then issued pursuant to which a small amount of cocaine was then seized.

The provisions of Rule 41, Fed.R. Cr.P. are applicable when a search is categorized as "federal" in nature. *United States v. Messerly,* 530 F.Supp. 751 (D.Mont.1982). A search is deemed to be a federal search if a federal official had a hand in it. *United States v. Martin,* 600 F.2d 1175, 1180 (5th Cir. 1979); *Navarro v. United States,* 400 F.2d 315, 317 (5th Cir. 1968). It is not seriously disputed that the central role played by DEA Special Agent Cameron in this case rendered the search in question federal in nature. As such, compliance with the requirements of Rule 41, Fed.R.Cr.P. must be shown or explained away. *United States v. Radlick,* 581 F.2d

D. Cavin Hill, Asst. U. S. Atty., Reno, Nev., for plaintiff.

Brent Adams, Reno, Nev., for Melotte.

N. Patrick Flanagan, Asst. Public Defender, Reno, Nev., for Euclide.

Polaha & Connor, Reno, Nev., and Alvin E. Entin and Thomas D. Sclafani, North Miami Beach, Fla., for Reding.

225, 228 (9th Cir. 1978); *United States v. Crawford,* 657 F.2d 1041 (9th Cir. 1981).

As made clear in *United States v. Sellers,* 483 F.2d 37 (5th Cir. 1973), a warrant issued under state law pursuant to Rule 41 may not be subject to strict compliance with all the provisions of that rule, that is:

> If, however, the warrant was issued under authority of state law then every requirement of Rule 41 is not a *sine qua non* to federal court use of the fruits of a search predicated on the warrant, even though federal officials participated in its procuration or execution. The products of a search conducted under the authority of a validly issued state warrant are lawfully obtained for federal prosecutorial purposes if that warrant satisfies constitutional requirements and does not contravene any Rule-embodied policy designed to protect the integrity of the federal officers.

483 F.2d at p. 43. Defendants have not attempted to show that the integrity of the federal courts has been offended under the circumstances presented here or that the conduct of the federal agent was amiss.

Still, "If Rule 41 violations are not of constitutional magnitude, then 'violations of Rule 41 alone should not lead to exclusion unless (1) there was prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." (Citations omitted.) *United States v. Crawford, supra,* 657 F.2d at 1047. The purported violation of Rule 41 primarily relied upon by defendants here is the provision of Rule 41(c)(2) which allows federal magistrates to issue search warrants upon oral affidavits "communicated by telephone or other appropriate means." It is the defendants' position that such warrants, if federal in nature, may be issued *only* by federal magistrates since the language in Rule 41(c)(2) is so limited.

The case of *United States v. Johnson,* 660 F.2d 749 (9th Cir. 1981), is virtually dispositive of the question at hand. There the validity of a search made pursuant to a warrant issued by a state judge upon oral affidavit was attacked as being violative of the provisions of Rule 41(c)(2). Citing the rule that "Only a 'fundamental' violation of Rule 41 requires automatic suppression," the court upheld the validity of the search in absence of a showing of "prejudice" as described above or evidence of intentional and deliberate disregard of Rule 41. 660 F.2d at 753.

■ Similarly, the record here does not contain any assertion that the application for the search warrant was made to the Justice of the Peace in deliberate disregard of Rule 41 or that the search would have been less abrasive if a federal magistrate had issued the warrant. Further, there is no indication that the action taken by Special Agent Cameron in obtaining the warrant was made in other than good faith.

■ Finally, defendants have presented several aspects in which the warrant issued may have not complied with the procedure for the obtaining of a search warrant by oral affidavit pursuant to the statutory requirements of the Nevada Revised Statutes. N.R.S. § 179.045. Most importantly, defendants point out that the oral affidavits given by Special Agent Cameron to the Justice of the Peace was recorded by Mr. Basl of the requesting party rather than the issuing authority as required by both Nevada law and Rule 41(c)(2)(D), Fed.R.Cr.P. In this regard, the court notes that the Ninth Circuit has held that the failure of a magistrate to record the oral affidavit altogether, as required by the Rule, does not necessarily render the resulting warrant invalid. *United States v. Stefanson,* 648 F.2d 1231, 1235 (9th Cir. 1981). In any event, it is not necessary or appropriate to now determine whether the warrant in question was valid under Nevada law.

IT IS HEREBY ORDERED that defendants' joint motion to suppress evidence, filed August 11, 1982, be DENIED.