I respectfully dissent. The majority holds that §§ 12-14-4
and 12-14-32, Code *Page 1348 
1975, authorize municipal judges to issue to and to direct municipal law enforcement officers to serve and execute a search warrant for a violation of state law without the need of a sheriff, deputy sheriff, or any constable of the county to execute said warrant. These statutes, however, do not specifically authorize municipal law enforcement officers to serve and execute search warrants for state law violations.
General statutes authorizing the issuance and execution of search warrants are strictly construed. United States v.Martin, 600 F.2d 1175, 1179 (5th Cir. 1979); Rivers v. State,406 So.2d 1021, 1022 (Ala.Cr.App.) cert. denied, 406 So.2d 1023
(Ala. 1981). Both the issuance and the execution of search warrants must strictly comply with the formalities prescribed by the empowering statutes, including the specifics of authorization to execute such warrants. United States v.Martin, 600 F.2d at 1179. When the empowering statutes exclude certain agents or officers from those authorized to execute search warrants, a court must look for some specific authorization. Rivers v. State, 406 So.2d at 1022. A municipal law enforcement officer will not be allowed to serve and execute search warrants in the absence of some specific authorization.
Code 1975, § 15-5-1, provides:
 "A search warrant is an order in writing in the name of the state signed by a judge or by a magistrate authorized by law to issue search warrants and directed to the sheriff or to any constable of the county, commanding him to search for personal property and bring it before the court issuing the warrant."
A judge or a magistrate must issue a search warrant signed by him and directed to the sheriff or to any constable of the county for execution if he is satisfied of either the existence of the grounds of the application or a probable ground to believe their existence. Code 1975, § 15-5-5. "A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution." Code 1975, § 15-5-7. The general statutes concerning the issuance and execution of search warrants limit execution to the county law enforcement officers of the particular county in which the warrant is issued. These statutes, however, are supplemented by certain provisions of the Judicial Article Implementation Act, which is codified in Title 12 of the Alabama Code, 1975.
One of the express purposes of the Judicial Article Implementation Act is the establishment of municipal courts with uniform jurisdiction, procedures, and costs. Judicial Article Implementation Act, No. 1205, 1975 Ala. Acts 2384. "The provisions of this Act are cumulative and shall not be construed to repeal or supersede any laws not inconsistent herewith." § 18-102. Under this Act, "Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to municipal courts and for violations of state law returnable to any state court." Code 1975, § 12-14-32. The sheriffs of the counties and law enforcement officers of the municipalities of the state are directed in Code 1975, § 12-14-4, to obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service. These supplemental statutes, however, cannot be construed together as creating thespecific authorization by the Legislature necessary to permit municipal law enforcement officers to execute search warrants issued by municipal judges for state law violations.
Alabama Constitution Amendment 328, § 6.065, provides that ". . . municipal courts shall have uniform original jurisdiction limited to cases arising under municipal ordinances as prescribed by law." The Legislature in Code 1975, § 12-14-1(a), directed that municipal courts are established subject to the authority, conditions and *Page 1349 
limitations provided by law. Such courts were granted jurisdiction over all prosecutions for the breach of the ordinances of the municipalities within their police jurisdiction and concurrent jurisdiction with the district courts of all acts constituting violations of state law committed within the police jurisdiction of the municipalities which may be prosecuted as breaches of municipal ordinances. Code 1975, § 12-14-1 (b), (c). A municipal judge is given the power coextensive with the jurisdiction of the district court to issue writs and other process. Code 1975, § 12-14-31. It is apparent from the language of Amendment 328 and the implementing legislation that the drafters intended a municipal court to have legal authority coextensive with district courts. District courts cannot direct a municipal law enforcement officer to execute a search warrant for a general state law violation, and the statutes authorizing a municipal court to issue and direct the execution of search warrants should not be broadly construed to grant a municipal judge such authority.
The Legislature has provided specific authorization for the execution of search warrants by any lawful officer of the state in the case of searches for prohibited liquors, Code 1975, §28-4-256, and for gambling equipment, Code 1975, § 13A-12-54. Code 1975, §§ 12-14-4 and 12-14-32, if strictly construed, cannot constitute specific authorization for a municipal law enforcement officer to serve and execute search warrants for general state law violations. Thus, the search of petitioner's residence was illegal, because the search warrant was not properly executed in accordance with Code 1975, §§ 15-5-1,15-5-5, 15-5-7. The Court of Criminal Appeals erred in sustaining the trial court's failure to suppress the fruits of the illegal search and seizure.