I concur in the result, because I would affirm the trial court's judgment on the basis that the forfeiture action cannot proceed because the contraband property was seized pursuant to an improperly executed search warrant. *Page 1030 
One of the grounds upon which the trial court predicated its dismissal was that the search was improper, under § 15-5-7, Ala. Code 1975, because the warrant was executed by officers other than those to whom it was directed. The trial court found that this defect in the execution of the warrant required the suppression of the evidence seized at the subject property.
Section 15-5-7 provides:
 "A search warrant may be executed by any one of the officers to whom it is directed, but by no other person except in aid of such officer at his request, he being present and acting in its execution."
This statute has been strictly construed, and compliance with its formality has been required. See Yeager v. State, 500 So.2d 1260
(Ala.Crim.App. 1986); Rivers v. State, 406 So.2d 1021
(Ala.Crim.App. 1981), cert. denied, 406 So.2d 1023 (Ala. 1981); see, also, United States v. Martin, 600 F.2d 1175 (5th Cir. 1979) (recognizing that strict compliance with § 15-5-7 is required),overruled on other grounds, United States v. McKeever, 905 F.2d 839 (5th Cir. 1990). Failure to comply with § 15-5-7 requires suppression of the evidence seized pursuant to the warrant. SeeRivers, supra. Furthermore, the exclusionary rules applicable in criminal prosecutions are equally applicable in forfeiture proceedings. Nicaud v. State ex rel. Hendrix, 401 So.2d 43, 45
(Ala. 1981).
In the present case, members of the Gadsden Police Department and an officer of the Alcoholic Beverage Control Board executed a search warrant authorizing a search of the subject property for illegal controlled substances. That search warrant, however, was addressed to "The Sheriff of [Etowah C]ounty." It is undisputed that the members of the Gadsden Police Department and the ABC officer who searched the subject property were not deputized members of the Etowah County Sheriff's Department. It is also undisputed that no member of the Etowah County Sheriff's Department was present and acting in the execution of the warrant. Thus, the warrant was neither executed by "any one of the officers to whom it [was] directed" nor executed by a person "in aid of such officer at his request, he being present and acting in its execution," as § 15-5-7 requires.[2] Therefore, the trial court correctly suppressed the evidence and correctly dismissed the action.
The City and the State, however, argue that § 15-5-7 provides a procedure that is not based on any particular requirement of theFourth Amendment of the United States Constitution. They say that, because the defect in the execution of the warrant is not a violation of the Fourth Amendment, there is no reason to suppress the seized contraband.
Whether a violation of § 15-5-7 would also be a violation of the Fourth Amendment is irrelevant. Alabama can provide — and by adopting § 15-5-7 apparently has provided — greater protection to its citizens through its laws than that provided by the United States Constitution. See State v. Hill, 690 So.2d 1201, 1207 n. 3 (Ala. 1996). Thus, the fact that § 15-5-7 does go further than the United States Constitution is a matter for the Legislature to consider. Therefore, the argument made by the City and the State is without merit. *Page 1031 
Last, one could argue that Rule 3.10, Ala.R.Crim.P., has modified § 15-5-7. Rule 3.10 provides, in pertinent part:
 "The search warrant shall be directed to and served by a law enforcement officer, as defined by Rule 1.4(p). It shall command such officer to search, within a specified period of time not to exceed ten (10) days, the person or place named for the property specified and to bring an inventory of said property before the court issuing the warrant. . . . The judge or magistrate shall endorse the warrant, showing the hour, date, and the name of the law enforcement officer to whom the warrant was delivered for execution, and a copy of such warrant and the endorsement thereon shall be admissible in evidence in the courts."
(Emphasis added.) Rule 1.4(p) states:
 "`Law Enforcement Officer' means an officer, employee or agent of the State of Alabama or any political subdivision thereof who is required by law to:
"(i) Maintain public order;
 "(ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; and
 "(iii) Investigate the commission or suspected commission of offenses."
Therefore, Rule 3.10 does not specifically authorize the execution of a warrant by a law-enforcement officer other than the officer to whom the warrant is directed. As noted above, § 15-5-7
condemns the execution of a warrant by an officer other than the one to whom the warrant is directed. The Rules of Criminal Procedure displace statutes that conflict with the rules. See §15-1-1, Ala. Code 1975; Ex parte Oswalt, 686 So.2d 368, 370 (Ala. 1996). However, if the Advisory Committee thought § 15-5-7
conflicted with Rule 3.10, the Committee easily could have referred to the conflict in the Committee Comments to Rule 3.10. Instead, the Comments, speaking to the statutes modified by the rule, state, "This rule is taken from and modifies Ala. Code 1975, §§ 15-5-5, 15-5-8, and 15-5-12." I am not prepared to expand on that list in the absence of any reason for thinking the omission of § 15-5-7 was an oversight.
Therefore, I would affirm the trial court's judgment on the basis that the forfeiture action cannot proceed because the contraband was seized pursuant to an improperly executed search warrant.
[2] The fact that the members of the Gadsden Police Department and the ABC officer were not deputized by the Etowah County Sheriff's Department distinguishes this case from Cowart v. State,488 So.2d 497, 502 (Ala.Crim.App. 1985), in which the Court of Criminal Appeals held that a warrant directed to the "Sheriff of Mobile County" was properly executed by an officer of the Mobile Police Department because the officer "had been personally deputized by the sheriff of Mobile County and had taken an oath to discharge the duties of a deputy sheriff." The fact that no member of the Etowah County Sheriff's Department was present during the search distinguishes this case from Yeager, supra, andGamble v. State, 473 So.2d 1188 (Ala.Crim.App. 1985).