**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clem Rence GILBERT, Defendant–Appellant.**

**No. 90–3268.**

United States Court of Appeals, Eleventh Circuit.

Sept. 25, 1991.

---

William M. Kent, Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

John D. Lawlor, III, Paul I. Perez, Asst. U.S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

Appellant, a criminal defendant, challenges a search warrant directed to the Sheriff and Deputy Sheriffs of Duval County, Florida, but executed by two federal agents and two municipal police officers. Since Florida law requires that "search warrant[s] [only] ... be served by any of the officers mentioned in its direction," appellant contends that the district court should have suppressed the evidence seized pursuant to that warrant as the fruit of an illegal search. Since the challenged search in no sense violated principles vindicated by the Fourth Amendment, we affirm.

## FACTS

In May, 1989, the Jacksonville Beach Fire Department responded to a fire at the home of Clem Rence Gilbert in Jacksonville Beach, Florida. A fireman who entered the house while fighting the fire observed

a short-barrelled rifle, which he subsequently reported to the City of Jacksonville Beach police, and to Special Agent Ronald Mitchell of the Bureau of Alcohol, Tobacco and firearms. Agent Mitchell contacted the Assistant State Attorney, John Merritt, in order to obtain a search warrant for Gilbert's residence. Merritt prepared both an affidavit and warrant, and submitted them to Judge John Santora, the Chief Judge of the Fourth Judicial Circuit of Florida. Judge Santora then issued a warrant, directed to "all and singular the Sheriff or Deputy Sheriffs of Duval County, Florida."

Agents Mitchell and Riehl of the (federal) Bureau of Alcohol, Tobacco and Firearms, together with two municipal police officers, Patrolman O'Neal and Detective Bounds, executed the search warrant. Neither Agents Mitchell and Riehl, nor Officers O'Neal and Bounds, were deputy sheriffs of Duval County, although Detective Bounds was a "special" deputy sheriff of Duval County.[1]

The search revealed a .308 calibre rifle in Gilbert's home, together with thirty-five small bags containing, cumulatively, less than one gram of cocaine residue.

## PROCEEDINGS IN THE DISTRICT COURT

Agents subsequently charged Gilbert in a six-count indictment with (1) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (3) possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), (4) use of a firearm, during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c), (5) possession of an unregistered short-barrelled firearm, in violation of 26 U.S.C. § 5861(d) and § 5871, and (6) possession of a firearm without a serial number, in violation of 26 U.S.C. § 5861(i) and § 5871. Gilbert originally entered pleas of "not guilty" to all six charges.

Gilbert then filed a motion to suppress, and a federal magistrate conducted a hearing on that issue. The magistrate recommended denial of the motion, and later, at a status conference, Gilbert informed the district judge that he would enter into a plea agreement with the government. Gilbert then agreed to enter guilty pleas to counts two and four in exchange for the court's dismissal of the remaining counts. Gilbert reserved his right to appeal the denial of his motion to suppress, in the event the court adopted the magistrate's recommendation and denied the motion. The court subsequently denied the motion, and sentenced Gilbert to fourteen years on count two, followed by five consecutive years on count four, followed again by five years of supervised release.

This appeal followed.

## ISSUE

Appellant now contends that the district court should have suppressed the evidence seized pursuant to the search warrant as the result of an illegal search. He argues, in effect, that since the state court judge directed the warrant's execution by "the sheriff or deputy sheriffs of Duval County," neither the federal agents nor the municipal officers who actually executed the search possessed the authority to do so.

## DISCUSSION

█ We first examined the validity of a state search warrant under federal law in *United States v. Martin*, 600 F.2d 1175 (5th Cir.1979). In *Martin*, as here, a state court judge issued a state search warrant which was executed by a combination of state and federal agents. Although a state court issued the warrant, we nonetheless concluded that the search was "federal in its execution":

Here the agents of the Drug Enforcement Agency participated in the execution of this warrant in their capacity as

---

1. Florida statutory authority does not authorize special deputies to execute search warrants.

*Ramer v. State*, 530 So.2d 915 (Fla.1988). *See also* Fla.Stat.Ann. § 30.09(4) (West 1988).

federal agents upon the possibility that something would be disclosed of official interest. This degree of federal involvement was more than sufficient to constitute this a federal search. Since this was a federal search then federal standards apply to its execution.

*Martin,* 600 F.2d at 1180. In the instant case, federal agent Mitchell actually requested the search warrant from the State Attorney. Agent Mitchell, together with federal agent Riehl, executed the search warrant in participation with state officers. Here again, federal involvement sufficed for us to characterize this search as federal in nature.

In *Martin,* we noted that state law, at least in the context of a state warrant, must authorize state officers to execute that warrant. *Martin,* 600 F.2d at 1182. We then determined that, once state law authorizes a state officer's participation, federal law permits a search warrant's execution by any one of the following:

> [U]nder federal law a search warrant may be executed by (1) the person to whom the warrant is directed; (2) any officer authorized by law to execute search warrants, or (3) some other person aiding a person under (1) or (2) who is present and acting in the execution of the warrant.

*Martin,* 600 F.2d at 1182. In *Martin,* we resolved that both state *and* federal law legitimated the participation, under the third category listed above, of the municipal officer who helped execute the warrant, as "some other person aiding a person under (1) or (2) who is present and acting in the execution of the warrant."

■ Certain differences distinguish this case from *Martin.* In *Martin,* the state participant in the search held no office which could have enabled a state court to direct him to execute a search warrant at the location of that search. No matter how carefully the state judicial officer might have worded the direction on the document, he could not have instructed the participating state officer, under state law, to search at that location. In this case, however, the state participants held offices which cloaked them with authority to execute search warrants at the pertinent location. The state court never attempted to send an unauthorized officer to search Gilbert's residence; the warrant merely overlooked the authorized agents at hand.

In *Martin,* moreover, the parties asked this court to decide whether or not the search was *lawful;* the litigants assumed that we would suppress the product of any search that offended state law. Thus in *Martin* we did not distinguish the application of the suppression rule to *unlawfully* executed searches, from those executed *unconstitutionally.*

Many courts have permitted the suppression of otherwise useful evidence in order to coerce compliance with pertinent law. In the instant case, the relevant state statutory authority provides as follows:

> Search warrants to be served by officers mentioned therein—The search warrant shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution.

Fla.Stat.Ann. § 933.08 (West 1985). Here, the state court judge directed the warrant only to officers of the *county*—in this case, the Sheriff and Deputy Sheriffs of Duval County, Florida. Two federal agents and two municipal officers, however, executed the search. Since the Florida statute requires that only officers "mentioned" in a warrant's directive may execute a search, appellant contends that these agents and officers had no authority to search his home.

Appellant's argument misses the point. Today we decide, not who may execute a search warrant under the provisions of a Florida statute, but whether, under the facts of this case, we should suppress evidence garnered in noncompliance with state law.

As we noted in *Martin*, the participation of federal agents transformed this search into one we evaluate under federal standards for a federal search. *Martin*, 600 F.2d at 1180. The Supreme Court has held that courts must suppress evidence obtained in violation of the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The Supreme Court has never directed, however, that we must suppress evidence obtained when a misdesignated state officer executes a warrant.

■ In the instant case, constitutional considerations, rather than the demands of state law, direct our resolution of this issue. As the Supreme Court noted in *Elkins v. United States*, 364 U.S. 206, 223–24, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960), a federal court's inquiry in search and seizure matters necessarily differs in scope from that which a state court must resolve:

> In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. *The text is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.*

(emphasis supplied).

We recognize that a Florida state court has suppressed evidence from a "fatally defective [warrant] ... directed to one category of peace officers [when] ... another category of police executed the warrant." *Hasselrode v. State*, 369 So.2d 348, 350 (Fla.Dist.Ct.App.1979), *cert. den.* 381 So.2d 766 (Fla.1980). In *Hasselrode*, the Florida court indicated that it will regulate searches by suppressing evidence gathered by one not named in a warrant, but otherwise authorized to gather such evidence. That is for Florida to say. Our construction of the warrant at issue *here*, however, forces us to determine that the warrant did not violate *federal* constitutional law. We may agree that state authority did not empower these municipal officers to execute this particular warrant. State authority, however, clearly empowered them to execute warrants at the location at issue in this search; the State Attorney obtaining the warrant merely neglected to include them within the scope of those authorized to execute *this* search.

■ Simply stated, the suppression rule endeavors to restrain law enforcement officials from using unconstitutional means to acquire evidence by excluding that evidence from later efforts to obtain a criminal conviction. The Fourth Amendment ensures that impartial arbiters evaluate for themselves the professed reasons for a search:

> The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

*Johnson v. United States*, 333 U.S. 10, 13–14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948).

In the instant case, we find no reason why we should hold the State Attorney's failure to designate Bounds or O'Neal on the search warrant to be an error of constitutional proportions. The state, after all, empowered both to make searches of this sort at this location, and would have permitted them to make *this* search if the State Attorney had drafted the warrant according to the state's requirements. More importantly, the error implicated none of the interests that the Fourth Amendment protects.

■ Violations of the Fourth Amendment authorize courts to order the suppression of evidence. State statutory authori-

ty, on the other hand, may determine who should execute a state search warrant. In *Martin,* neither party noted that distinction. In *Martin,* we evaluated a faulty state warrant against the framework required by state law. Both parties to that case conceded that, if the wrong person executed the warrant, we would suppress the evidence generated by the search. Today we reject that assumption. We hold instead that, although this search may not have complied with certain conditions required by the state, it did not offend any constitutional principles that support the suppression of evidence.[2]

In *United States v. Dunnings,* 425 F.2d 836, 840 (2nd Cir.1969), *cert. den.* 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970), the Second Circuit characterized the exclusionary rule, at least as courts apply it in Fourth Amendment cases, as "a blunt instrument, conferring an altogether disproportionate reward not so much in the interest of the defendant as in that of society at large." Courts thus hesitate to apply "the exclusionary rule in search and seizure cases to violations which are not of constitutional magnitude." *United States v. Burke,* 517 F.2d 377, 386 (2nd Cir.1975). Since the search at issue here violated only the statutory provisions of the state, we hold that the district court correctly admitted the evidence of contraband that this search engendered.

## CONCLUSION

We AFFIRM the judgment of the district court.

## AFFIRMED.

TJOFLAT, Chief Judge, specially concurring:

Although I concur in the result reached by the court today, I cannot agree with the court's analysis. This case does not require an analysis of the niceties of state or federal law on persons authorized to execute a search warrant. Instead, this case presents a straightforward fourth amendment issue. Struggling to distinguish the old fifth circuit opinion of *United States v. Martin,* 600 F.2d 1175 (5th Cir.1979), *overruled on other grounds by United States v. McKeever,* 905 F.2d 829 (5th Cir.1990) (en banc), *cert. denied sub nom. Newman v. United States,* — U.S. —, 111 S.Ct. 790, 112 L.Ed.2d 852 (1991),[1] the court fails to focus on the decisive issue of whether the search in question constituted an unreasonable search in violation of the Fourth Amendment.

The district court's denial of appellant's motion to suppress the rifle and the cocaine bags should be affirmed because this evidence was seized in the course of a reasonable search of appellant's home. This search was conducted pursuant to a search warrant issued by a "neutral and detached magistrate," *see Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948), namely the Chief Judge of the Fourth Judicial Circuit of Florida. Moreover, the warrant was clearly issued on probable cause, based on a firefighter's observation of a short-barrelled rifle in appellant's residence. As a matter of fact, appellant does not even contest the reasonableness of the search which produced the evidence he sought to suppress at trial. The Fourth Amendment, however, protects against unreasonable searches and seizures. As the search of appellant's residence was not unreasonable, the district

**2.** *See e.g. Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974) ("The fourth amendment protects individuals from unfounded arrests by requiring reasonable grounds to believe a crime has been committed. The states are free to impose greater restrictions on arrests, but their citizens do not thereby acquire a greater federal right."); *Fisher v. Washington Metro. Area Transit Authority,* 690 F.2d 1133, 1138 (4th Cir.1982) ("Where, as here, the claimed violation is by state action, binding precedent in this circuit has it that the constitutional standard is not affected by the fact that state law may impose a

more stringent arrest standard upon state police officers."); *United States v. Janik,* 723 F.2d 537, 548 (7th Cir.1983) ("But even if the arrest was invalid under state law, the action of the state officers in arresting Janik was not an 'unreasonable' seizure under the Fourth Amendment").

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court's denial of appellant's motion to suppress must be affirmed.

I agree with the court that *Martin* compels a finding that the officers executing the search warrant in this case were not authorized to do so. Unlike the court, however, I would affirm the judgment below not because the warrant's shortcoming "implicated none of the interests that the Fourth Amendment protects," *ante* at 1541, nor because "[s]tate authority ... clearly empowered [the officers] to execute warrants at the location at issue in this search," *ante* at 1541, but simply because the warrant's execution constituted a reasonable search not in violation of the Fourth Amendment. The search in this case implicated appellant's Fourth Amendment interest in being free from unreasonable searches and seizures. The search was constitutional because it was not unreasonable. Given that, as the court repeatedly points out, *see ante* at 1541, our federal constitutional review of the district court's judgment does not rely on Florida state law pertaining to persons authorized to execute a warrant, the court's reliance on "[s]tate authority" is misplaced.

Instead of claiming the inapplicability of the Fourth Amendment to government searches and of appealing to irrelevant state authority, the court would have done better to consider the reasonableness of the search the fruits of which appellant sought to suppress below.

As I find fault with the court's analysis for the reasons stated above, I concur in the judgment only.