[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13076
Non-Argument Calendar
_____

D. C. Docket No. 05-00189-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FARON LEE STEWART,
a.k.a. Kenneth Lee Banks,
a.k.a. Faron Stewart,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 12, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Faron Lee Stewart appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C §§ 922(g) and 924(e). Police officers went to Stewart's home to serve him with an arrest warrant for violation of his parole. After Stewart refused to answer the door, and was found hiding under the covers of his father's bed, the officers searched Stewart's bedroom and found a gun. Stewart argues that the evidence collected during the warrantless search of his home should have been suppressed because the search violated his Fourth Amendment rights. He argues that, although his parole conditions authorized warrantless searches, the Fourth Amendment requires an officer to have reasonable suspicion of criminal activity in order to search a parolee. He further argues that the officers who searched his bedroom did not have reasonable suspicion of criminal activity to warrant the search.

"Rulings on motions to suppress evidence constitute mixed questions of law and fact." United States v. LeCroy, 441 F.3d 914, 925 (11th Cir. 2006) pet. for cert. filed, No. 06-7877 (U.S. Nov. 16, 2006). We accept the district court's findings of fact unless they are clearly erroneous but we review questions of law de novo. Id. We construe the facts in the light most favorable to the party that prevailed below. United States v. Nunez, 455 F.3d 1223, 1225 (11th Cir. 2006).

Recently, the Supreme Court upheld a warrantless, suspicionless search that

was conducted pursuant to a California statute requiring parolees to agree, in writing, "'to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night with or without a search warrant and with or without cause.'" Samson v. California, ___ U.S. ___, 126 S.Ct. 2193, 2196, 165 L.Ed.2d 250 (2006) (quoting Cal. Penal Code § 3067(a) (West 2000)). The Court held that, while individualized suspicion usually is a prerequisite to a warrantless search, it is not always required. Id. at 2201 n. 4. The Court then balanced the privacy interests of the parolee against the degree to which the search served the needs of the state. Id. at 2198-2200. On the one hand, the Court held, "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is akin to imprisonment." Id. at 2198. Furthermore, given "the plain terms of the parole search condition," the parolee did not have an expectation of privacy. Id. at 2199. On the other hand, the Court held, the search requirement served the state's "substantial" interest in supervising parolees in order to reduce recidivism and promote reintegration. Id., 126 S.Ct. at 2200. Accordingly, the Court concluded that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." Id. at 2202.

Because Stewart's parole certificate required him to submit to a search "at

3

any time" without a warrant, the search was authorized by the terms of Stewart's parole conditions. Accordingly, we affirm the district court's denial of Stewart's motion to suppress evidence.

**AFFIRMED**