[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 07, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14229
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00053-CV-WCO-2
02-00045-CR-WCO

NIKO CEPADA BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 7, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

On December 4, 2002, Petitioner, having plead guilty pursuant to a plea

agreement, was sentenced to prison for 262 months for possession with intent to distribute at least 50 grams of crack cocaine. We affirmed his conviction and sentence on September 22, 2003. United States v. Brown, No. 02-16869.

On March 9, 2004, Petitioner moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground that his attorney rendered ineffective assistance of counsel by failing to file a motion to suppress the drugs found in his automobile. Following an evidentiary hearing, the magistrate judge, in her Report and Recommendation, recommended that the district court deny the motion. The court did so, and issued a certificate of appealability on one issue: "whether the failure of petitioner's counsel to investigate and file a motion to suppress constituted ineffective assistance of counsel."

To make out a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The dispositive question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. at 2064. "Given the strong presumption in favor of competence, the

petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Chandler, 218 F.3d at 1314; see also Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994) (noting that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between"). Unless the petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot establish that counsel's performance was constitutionally deficient. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992); see also Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance").

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Evidence obtained in violation of the Fourth Amendment must be suppressed. United States v. Gilbert, 942 F.2d 1537, 1541 (11th Cir. 1991) (citing Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d

3

1081 (1961)).

In most circumstances, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment.  United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005), cert. denied, 126 S.Ct. 2966 (2006).  There are, however, several exceptions to this rule, including "the automobile exception," which allows "officers [to] search any container in an operational car without a warrant as long as they have probable cause to believe that the container holds evidence of a crime."  Id. (citing California v. Acevedo, 500 U.S. 565, 579-80, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991)).  "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. (quotations and citations omitted).  "In examining the totality of the circumstances, a reviewing court must give due weight to the officer's experience."  United States v. Briggman, 931 F.2d 705, 709 (11th Cir. 1991).  Another exception to the warrant requirement for a search is the "plain view" doctrine.  "The 'plain view' doctrine permits a warrantless seizure where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent."  United

4

States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (Nov. 9, 2006) (No. 06-7780).

The district court's findings of fact demonstrate, as the court explained in its dispositive order (which appropriately relied in part on the magistrate judge's findings), that the performance of Petitioner's attorney satisfied the Constitution's requirement and, further, caused Petitioner no prejudice whatever. The outcome of this case would have been the same had counsel moved the court – prior to Petitioner's plea of guilty – to suppress the drugs seized from the automobile. A motion to suppress would have failed for two reasons. First, the agents saw the drugs in plain view; second, the they had probable cause to search the car. The agents had seen Petitioner attempt to hide drugs, which they visually identified as such. They were in a place they had a right to be – outside the car – and they immediately identified the item Petitioner attempted to hide as cocaine. In sum, the search was valid under the plain view doctrine. It was also valid because, as the district court concluded, the agents has probable cause to search the car.

AFFIRMED.