[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10577
Non-Argument Calendar

_____

D. C. Docket No. 05-00619-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS MOODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 20, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Demetrius Moody appeals his convictions for possession of counterfeit

obligations and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 472 and 18 U.S.C. § 922(g) respectively. Moody argues on appeal that the district court erred by denying his motion to suppress evidence collected after he was stopped based on suspicion of violating a Georgia statute regulating window tinting.

"Rulings on motions to suppress evidence constitute mixed questions of law and fact." United States v. LeCroy, 441 F.3d 914, 925 (11th Cir. 2006) cert. denied, 127 S.Ct. 2096 (2007). We accept the district court's findings of fact unless they are clearly erroneous, but review questions of law de novo. Id. We construe the facts in the light most favorable to the party that prevailed below. United States v. Nunez, 455 F.3d 1223, 1225 (11th Cir. 2006).

The Fourth Amendment protects individuals from unreasonable search and seizure. U.S. Const. Amend. IV. Evidence obtained in violation of the Fourth Amendment must be suppressed. United States v. Gilbert, 942 F.2d 1537, 1541 (11th Cir. 1991) (citing Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)). Determining if a seizure violates the Fourth Amendment involves two questions: (1) was the officer's action justified at its inception and (2) was the search reasonably related in scope to the circumstances that justified the

interference.[1]  Terry v. Ohio, 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).  With regard to the first question, "the police may stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking."  United States v. Williams, 876 F.2d 1521, 1524 (11th Cir. 1989).  Although reasonable suspicion requires less than probable cause, the police must "articulate facts which provide some minimal, objective justification for the stop."  Id. at 1524.  "Great deference is given to the judgment of trained law enforcement officers 'on the scene.'"  United States v. Chanthasouxat, 342 F.3d 1271, 1275 (11th Cir. 2003).  We have indicated that a stop may be valid, even if it was based on an officer's mistake of fact, as long as the mistake was reasonable.  Id. at 1275.  However, an officer's mistake of law cannot provide reasonable suspicion to justify a traffic stop.  Id. at 1279.  Georgia law prohibits materials and glazing on rear windshields and side and door windows that reduce light transmission "to less than 32 percent, plus or minus 3 percent."  Ga. Code Ann. § 40-8-73.1(b)(2).

Here, Officer Martel reasonably believed, based on his eight years of experience enforcing the window tint statute, that Moody's windows were in

---

[1] Because Moody does not dispute that Officer Martel had probable cause to search after detecting the smell of marijuana, only the first question and the basis for the original stop is at issue here.

violation of the window tint law when he observed that he could not (1) see the front passenger's facial features or (2) determine the number of passengers in the back seat. Because he had a reasonable suspicion that the car was in violation of Georgia law, the stop did not violate the Fourth Amendment and the district court did not err by denying the motion to suppress.

Upon careful review of the record and consideration of the parties' briefs, we find no reversible error.

**AFFIRMED**[2]

---

[2] Moody's request for oral argument is denied.