[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

No. 07-14653
Non-Argument Calendar

_____

D. C. Docket No. 07-00006-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD HARRIS WALLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 31, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Richard Harris Walley, a probationer, appeals from his conviction for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), following a jury trial. On appeal, Walley argues that the district court erred in denying his motion to suppress the firearm as the result of an illegal search. After thorough review, we affirm.

We apply a mixed standard of review to the denial of a defendant's motion to suppress, reviewing the district court's findings of fact for clear error and its application of law to those facts de novo. United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir. 2005). We construe the facts in the light most favorable to the party who prevailed below. United States v. Muegge, 225 F.3d 1267, 1269 (11th Cir. 2000) (citation omitted). We also may affirm the district court's judgment on any ground that finds support in the record. United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

Walley argues that the search of his home was suspicionless, and there was no Alabama statute authorizing such a search, so the district court erred in relying on the Supreme Court's decision in Samson v. California, 547 U.S. 843, 847, 126 S.Ct. 2193, 2196 (2006), which interpreted a California statute allowing suspicionless searches of parolees and their property. He further argues that his probation agreement did not state that he agreed to suspicionless searches, so the district court also erred by relying on our unpublished opinion in United States v.

Stewart, 213 F. App'x 898 (11th Cir.), rehearing en banc denied by __ F.3d __ (11th Cir. Mar 22, 2007). Additionally, Alabama regulations for probation officers require "reasonable grounds" to support a search of a probationer's home. Walley concedes that the Supreme Court may have abandoned a suspicion requirement for the search of a probationer's house where there was no statutory authority for the search and the probationer waived Fourth Amendment protection. Walley claims, however, that he was still entitled to some Fourth Amendment protection.

Although the facts of this case are distinguishable from those in Samson and Stewart -- the cases on which the district court based its decision -- we can affirm a district court's judgment on any grounds supported by the record. Mejia, 82 F.3d at 1035. In United States v. Yuknavich, 419 F.3d 1302, 1310-1311 (11th Cir. 2005), we upheld a district court's denial of a probationer's motion to suppress where his probation certificate did not explicitly require him to submit to warrantless searches. We employed the Supreme Court's test in United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), which required us to balance the intrusion upon a probationer's privacy with the degree to which the intrusion is necessary for the promotion of the government's legitimate interest in supervising probationers. Yuknavich, 419 F.3d at 1309. We stated that the government had a "considerable interest" in supervising probationers and that

Yuknavich, who was on probation for distributing material involving child pornography, had a "greatly reduced expectation of privacy in his computer." Id. at 1309-11. We thus determined that even though the certificate lacked an explicit condition allowing warrantless searches and Georgia did not have a regulation requiring Yuknavich to submit to warrantless searches, probation officers did not need more than "reasonable suspicion" to conduct a search of the probationer's computer. Id. at 1310-1311. Reasonable suspicion consists of "a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable." Id. at 1311 (citation omitted).

Here, as in Yuknavich, there is no applicable state law authorizing warrantless searches, and Walley's probation agreement did not expressly allow them, although the agreement did provide that he would be subject to searches "at any time, day or night." Yuknavich therefore applies to this case, and we must determine whether on this record, the probation officer had a "reasonable suspicion" to conduct a search of Walley's home. The record shows, and Walley concedes, that after a traffic stop, Walley and his wife were arrested for possession of marijuana. It is also undisputed that at the time of the traffic stop, Walley was on probation for the distribution of marijuana, and was barred by the terms of his probation from having contact with illegal drugs. Undisputed testimony from the

4

suppression hearing further reveals that it was Walley's probation officer, Gene Whitson, who searched his home. Specifically, Whitson testified that the police department contacted him on the day of Walley's arrest to relay that Walley was being held in jail for possession of marijuana. Whitson then picked up Walley and took him and two police officers to his residence for the search. At the residence, Walley showed Whitson where his room was, and upon searching the room, Whitson and the two officers discovered a two-ounce bag of marijuana and a rifle. At that point, the search was discontinued and a search warrant for the residence was then obtained, but no other contraband was found.

In short, when the probation officer was informed that Walley and his wife had been arrested for possession of marijuana -- the very same contraband Walley was on probation for distributing -- there was a "sufficiently high probability" that illegal contraband could be found at Walley's home. Yuknavich, 419 F.3d at 1311. Accordingly, we agree that the probation officer had the requisite "reasonable suspicion" to support the search of Walley's home, and we affirm the denial of the motion to suppress.

**AFFIRMED.**