[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00058-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MASTER MICHAEL RAMSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 28, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Master Michael Ramsey appeals his convictions for felony murder, 18

U.S.C. § 1111, kidnapping, id. § 1201, murder with a firearm during a crime of violence, id. §§ 924(c)(1), (j), robbery, id. § 2111, theft of a motor vehicle, id. § 2119, and conspiracy to commit robbery, id. §§ 2111, 371. Ramsey argues that the district court erred in denying his motion to suppress evidence seized from his vehicle. We affirm.

Ramsey argues that the search of his vehicle was invalid under state law and rendered the search unreasonable under the Fourth Amendment, but this argument fails. The failure of law enforcement officers to comply with the demands of state law regarding the search and seizure of property does not affect the admissibility of evidence in federal court. United States v. Gilbert, 942 F.2d 1537, 1541 (11th Cir. 1991). Evidence is admissible so long as it was not "obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment," Elkins v. United States, 364 U.S. 206, 223–24, 80 S. Ct. 1437, 1447 (1960), and Ramsey does not argue that the search or seizure otherwise violated the Fourth Amendment. The district court did not err by admitting at trial the evidence seized from Ramsey's vehicle.

Ramsey's convictions are **AFFIRMED**.