[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10356
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00009-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN EDWARD BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 12, 2015)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

John Edward Baker appeals his conditional guilty plea for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On

appeal, he argues that the district court erred by denying his motion to suppress the firearm found inside of his residence.  After careful review, we affirm.

When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error, and its application of law to the facts de novo.  United States v. Jordan, 635 F.3d 1181, 1185 (11th Cir. 2011).  We construe the facts in a light most favorable to the prevailing party below, and afford substantial deference to the factfinder's explicit and implicit credibility determinations.  United States v. Lewis, 674 F.3d 1298, 1303 (11th Cir. 2012).  We review a district court's determination of reasonable suspicion de novo.  Ornelas v. United States, 517 U.S. 690, 699 (1996).

To enter a residence based upon an arrest warrant, an officer must have a reasonable belief that the subject of the warrant is using the location as a dwelling, and the officer must have a reason to believe that he is within the dwelling.  United States v. Magluta, 44 F.3d 1530, 1533 (11th Cir. 1995).  A dwelling may be a suspect's residence even if the suspect sometimes lives in other places.  United States v. Bennett, 555 F.3d 962, 965 (11th Cir. 2009).  We are sensitive to commonsense factors when evaluating the totality of the circumstances to determine whether both prongs of the test are met.  United States v. Bervaldi, 226 F.3d 1256, 1263 (11th Cir. 2000).

2

An officer may stop and briefly detain a person for investigative purposes if he has a reasonable suspicion that criminal activity is afoot. United States v. Griffin, 696 F.3d 1354, 1358 (11th Cir. 2012). The investigatory detention must be justified at its inception and reasonably related in scope to the circumstances. Id. An officer does not exceed the scope of the stop by asking questions if those questions do not measurably extend the duration of the stop, even if the questions are unrelated to the initial reason for the stop. Id. at 1362.

Reasonable suspicion is a commonsense, nontechnical conception, and is not reducible to a set of legal rules. Ornelas, 517 U.S. at 695-96. It is met when an officer has a particularized and objective basis to suspect a person of criminal activity. Id. at 696. Reasonable suspicion requires less information than probable cause, and the officer's information may be less reliable. Alabama v. White, 496 U.S. 325, 330 (1990). In assessing reasonable suspicion, we examine the totality of the circumstances, and give due weight to the officer's experience. United States v. Briggman, 931 F.2d 705, 709 (11th Cir. 1991). Because reasonable suspicion is examined from the position of an objectively reasonable officer, we do not examine whether a specific officer had a reasonable suspicion at the time of the detention. United States v. Nunez, 455 F.3d 1223, 1226 (11th Cir. 2006). We've said that an officer is permitted to conduct a warrantless search of a probationer's

3

residence when he has a reasonable suspicion that criminal conduct is occurring. United States v. Carter, 566 F.3d 970, 973 (11th Cir. 2009).

Here, it is unclear whether the officers' warrantless entry into Baker's residence was justified as a probation search since the officers did not know that he was a probationer when they entered the residence. We nevertheless affirm the denial of Baker's suppression motion based on the district court's alternate conclusion that the officers were permitted to enter Baker's residence to serve an arrest warrant against Tiffany Gordon. See United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010) (holding that we may affirm the denial of a motion to suppress on any ground supported by the record). As the record reveals, an informant told the officers that Gordon had lived at Baker's residence, and one of the officers personally knew that Gordon moved to different residences for short periods of time. The informant confirmed that Gordon was inside the residence, and an officer saw Gordon inside the residence before entering. Thus, the officers had sufficient information to reasonably believe that Gordon was residing with Baker and was present at the residence. Magluta, 44 F.3d at 1533.

The officers' temporary detention of Baker was also constitutional because it was based on a reasonable suspicion that he was harboring a fugitive. The record shows that when an officer asked Baker if Gordon was at the house, Baker did not answer. When the officer asked if anyone was at the house, Baker lied and said

4

that he was not sure whether anyone was present.  After Baker was restrained, he was told that a warrant was outstanding for Gordon, but he did not tell the officers that Gordon was at the house.  Based on the officers' observations that multiple people were inside the house and one officer's sighting of Gordon, the officers could have reasonably suspected that Baker was harboring Gordon when they detained him.  See 18 U.S.C. § 1071 (criminalizing the concealment of a person with an arrest warrant after the defendant is given notice of the warrant).  Moreover, because the detainment was justified, the officers were permitted to question Baker about unrelated matters that did not lengthen the detention, including his probation status.  Griffin, 696 F.3d at 1362.

Finally, the officers' second search of the house -- for the firearm -- was a valid probation search.  At that point, the officers were aware of Baker's probationary status, as well as the probation conditions (including a consent to searches) that he had agreed to after his conviction on state drug charges.  Thus, because the officers knew about his probationary status and his search condition, they only needed reasonable suspicion to search Baker's house for the firearm.  Carter, 566 F.3d at 973.  The record reveals that Gordon had informed one of the officers that Baker had a silver firearm, thus giving the officers reasonable suspicion that Baker illegally possessed a firearm.  See 18 U.S.C. § 922(g) (criminalizing possession of a firearm if the owner has been convicted of felony).

5

Accordingly, the second search of Baker's residence was constitutional, and the district court did not err by denying Baker's motion to suppress the firearm.

**AFFIRMED**.[1]

---

[1] In addition, Baker's Motion for Bail Pending Disposition of Appeal is DENIED.