[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13184
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20833-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRKLAND ALONDO JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2020)

Before JORDAN, JILL PRYOR and LAGOA, Circuit Judges.

PER CURIAM:

Kirkland Jones appeals his conviction for knowingly possessing a firearm

and ammunition as a convicted felon.  Jones moved to suppress evidence of the

firearm, arguing that the detective who conducted the traffic stop resulting in the discovery of the firearm lacked probable cause or reasonable suspicion to effectuate the stop. The district court denied his motion, concluding that the detective had reasonable suspicion to stop Jones's vehicle and, alternatively, he had probable cause based on Jones's reckless driving. On appeal, Jones challenges both of those determinations. He argues that, under the totality of the circumstances, there was no particularized, reasonable suspicion that he was engaged in criminal wrongdoing and that the lapse in time between his alleged traffic violation and his seizure staled any probable cause. After careful consideration and review, we affirm.

In October 2018, while at a Quick Stop convenience store, Jones witnessed a car drop off an individual who had been shot. After walking toward the shooting victim, Jones entered his gray vehicle and left the store.

On the same day, Detective Derek Rodriguez responded to a police radio call about a shooting in a high crime area. After driving around the area, he found no evidence of a shooting. A second radio call then reported a shooting at the Quick Stop store Jones had left. Rodriguez headed toward the store. On his way to the store, he encountered a gray vehicle driving "a little reckless" such that he had to "swerve" to avoid a collision with the vehicle. Doc. 61 at 35.[1] He later

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

2

identified the driver as Jones.  Because Rodriguez's primary concern was responding to the shooting, he did not initiate a traffic stop.

Once Rodriguez arrived at the Quick Stop, he tried to gather information about the shooting.  He spoke to an agent with the Bureau of Alcohol, Tobacco, and Firearms, Zane Dodds, who described a silver or grey vehicle fleeing from the direction of the store when Dodds had separately responded to the first report of a shooting.  Dodds told the Rodriquez that the vehicle had a "J" in its license plate number, the driver was a black male who was very animated and honking his horn and cutting in front of traffic, and the driver may have had something to do with the shooting.  With this description, Rodriguez surmised that Dodds had seen the same vehicle he had previously encountered.  Suspecting that the driver of the vehicle may be connected to the shooting, Rodriguez left to canvass the neighborhood in hopes of finding the vehicle.

While Rodriguez was searching for the vehicle, it passed him going in the opposite direction.  He turned around to initiate a traffic stop.  Driving behind the vehicle, Rodriguez saw that the license plate of the vehicle included the letter "J." He also noticed Jones looking into his rear-view mirror with a "deer in the headlights" look on his face and saw Jones toss something that looked like a white piece of paper out of his window.  Jones then stopped his vehicle.  After he stepped

3

out of the vehicle, Rodriguez performed a pat down and discovered a firearm in Jones's waistband.

A federal grand jury returned a one-count indictment against Jones, charging that he, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce," in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Doc. 5 at 1.  Jones filed a motion to suppress the firearm recovered by Rodriguez.  After an evidentiary hearing, the magistrate judge issued a report and recommendation denying Jones's motion.  The district court adopted the report and recommendation.  This appeal followed.[2]

A ruling on a motion to suppress presents a mixed question of law and fact. *United States v. Gibbs*, 917 F.3d 1289, 1294 (11th Cir. 2019).  We review the district court's legal conclusions *de novo* and its factual findings for clear error. We construe all the facts in the light most favorable to the party prevailing below. *Id.*  In reviewing the denial of a motion to suppress, we may review the entire record.  *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007).

Jones contends that Rodriguez violated his Fourth Amendment rights by initiating the traffic stop without reasonable suspicion that Jones was engaged in

---

[2] Jones entered a conditional guilty plea, with the government and Jones agreeing that that an order suppressing the evidence, or an appeal granting such relief, would be case dispositive.

criminal wrongdoing or probable cause based on Jones's reckless driving. We disagree. Rodriguez initiated the traffic stop that resulted in the discovery of the firearm based on reasonable suspicion that Jones was involved in the convenience store shooting. Thus, he did not violate Jones's Fourth Amendment rights.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Evidence obtained through unconstitutional searches and seizures is generally inadmissible. *Mapp v. Ohio*, 367 U.S. 643, 654-55 (1961).

When law enforcement stops a vehicle, a Fourth Amendment "seizure" occurs. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). A traffic stop is valid if it is based on either: (i) "probable cause to believe that a traffic violation has occurred;" or (ii) "reasonable suspicion in accordance with *Terry* [*v. Ohio*, 392 U.S. 1, 30 (1968)]." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008); *see also Heien v. North Carolina*, 574 U.S. 54, 60 (2014). Because the district court primarily rejected Jones's motion on reasonable suspicion grounds, we address those grounds.[3]

---

[3] Given our conclusion that Dodds had reasonable suspicion to stop Jones, we do not consider whether Jones's reckless driving provided probable cause for the traffic stop.

5

"[L]aw enforcement agents may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." *United States v. Hensley*, 469 U.S. 221, 226 (1985).  Reasonable suspicion is "considerably less than proof of wrongdoing by a preponderance of the evidence" and less than probable cause.  *United States v. Sokolow*, 490 U.S. 1, 7 (1989).  The Fourth Amendment nevertheless requires that the police officer articulate facts that provide some minimal, particularized, and objective justification for the stop.  *United States v. Campbell*, 912 F.3d 1340, 1349 (11th Cir. 2019).

In determining whether reasonable suspicion exists, courts must review the "totality of the circumstances" to ascertain whether the detaining officer had a "particularized and objective basis" for suspecting legal wrongdoing.  *United States v. Arvizu*,  534 U.S. 266, 273 (2002).  In addition, a reviewing court must give due weight to the officer's own experience and specialized training from which he may make inferences about the cumulative information available to him.  *Id.*

None of the suspect's actions, however, need to be criminal on their face. *United States v. Lee*, 68 F.3d 1267,  1271 (11th Cir. 1995).  The rule is not concerned with "hard certainties, but with probabilities," and therefore law enforcement officers may rely on "common sense conclusions."  *United States v. Cortez*, 449 U.S. 411, 418 (1981).  An individual's proximity to illegal activity

6

may be considered, as well as "the relevant characteristics of a location." *United States v. Nunez*, 455 F.3d 1223, 1226 (11th Cir. 2006) (quotation marks omitted).

Jones argues that the facts known to Rodriguez were not enough to support reasonable suspicion. However, at the time Rodriguez stopped Jones, he had the following information: that (1) there were reports of a shooting victim at the Quick Stop convenience store, (2) Dodds witnessed a gray vehicle driving erratically from the direction of the store, (3) Rodriguez witnessed what he believed was the same car driving erratically in a high crime area, and (4) Jones's vehicle matched the description given by Dodds.

Taken together, this information provided a particularized and objective basis for suspecting that the driver of the vehicle had been involved in the shooting. That Jones was ultimately not involved does not undercut this reasonable suspicion. Accordingly, Rodriguez did not violate Jones's Fourth Amendment rights, and the district court did not err in denying Jones's motion to suppress.

**AFFIRMED.**