[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11666
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cr-00346-ALB-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR HERNANDEZ-PACHECO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 1, 2021)

Before JILL PRYOR, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Julio Hernandez-Pacheco appeals his conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a).  He challenges the district court's denial of his motion to suppress.  Because binding precedent forecloses his argument that the district court erred in denying his motion, we affirm.

While Hernandez-Pacheco and his co-workers were commuting to work, agents with the Department of Homeland Security stopped their vehicle and asked the driver and all passengers for identification.  Hernandez-Pacheco provided an identification card issued in Mexico.  Using the information on Hernandez-Pacheco's identification, officers searched immigration databases and determined that Hernandez-Pacheco had previously been removed from the United States.  Hernandez-Pacheco also admitted to an agent that he was undocumented.  He was then charged with illegally reentering the United States.

In the district court, Hernandez-Pacheco filed a motion to suppress, arguing that the agents lacked reasonable suspicion to stop the truck or had unlawfully prolonged the stop.  After a hearing, the district court denied the motion to suppress.  The court concluded that the agents had reasonable suspicion to stop the vehicle and did not unlawfully prolong the stop.  In the alternative, the court determined that, even if the stop was unreasonable, the exclusionary rule did not apply because evidence of "an alien's identity is not suppressible in a prosecution

2

for unlawful reentry." Doc. 46 at 2.[1] After the court denied the motion to suppress, Hernandez-Pacheco pled guilty but reserved the right to appeal the denial of his motion to suppress. This is Hernandez-Pacheco's appeal.

On appeal, Hernandez-Pacheco argues that the district court erred in denying his motion to suppress.[2] But we cannot say that the district court erred because we previously held in *United States v. Farias-Gonzalez*, 556 F.3d 1181 (11th Cir. 2009), that identity-related evidence cannot be suppressed.

In *Farias-Gonzalez*, federal law enforcement agents stopped a man and asked him a series of questions to determine whether he was legally in the United States. *Id.* at 1182–83. As part of the stop, the agents took the man's fingerprints. *Id.* at 1183. Based on the fingerprints, the agents were able to deduce that the man had given them a false name, uncovered his real name, and determined that he previously had been removed from the United States. *Id.* The man later challenged his conviction for illegally reentering the country, arguing that the stop violated his constitutional rights. *Id.*

On appeal, we considered "whether evidence of who the defendant is ('identity-related evidence'), obtained after an unconstitutional search and seizure,

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] When reviewing a ruling on a motion to suppress evidence, we review a district court's factual findings for clear error and its application of the law to these facts *de novo*. *United States v. Nunez*, 455 F.3d 1223, 1225 (11th Cir. 2006).

3

is suppressible in a criminal prosecution." *Id.* at 1182. We held that the exclusionary rule does not apply to such evidence when it is used "to establish the defendant's identity in a criminal prosecution," because the policy rationale of the exclusionary rule was not well served by its application to identity-related evidence. *Id.* at 1186, 1189.

Assuming for purposes of this appeal that the stop was unconstitutional, the district court correctly concluded, based on *Farias-Gonzalez*, that the evidence in this case could not be suppressed.[3] Notably, Hernandez-Pacheco does not dispute that *Farias-Gonzalez* controls here. He instead argues that *Farias-Gonzales* was wrongly decided and should be overruled. But, as Hernandez-Pacheco concedes, under our prior panel precedent rule, *Farias-Gonzales* "bind[s] all subsequent panels unless and until the . . . holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

**AFFIRMED.**

---

[3] After observing that "[t]he line between 'identity' evidence and non-identity evidence under *Farias-Gonzalez* is not entirely clear," the district court found that it need not address the issue in more detail because "Hernandez-Pacheco does not argue that the relevant evidence here is anything but evidence of his identity that would fall under *Farias-Gonzalez*." Doc. 46 at 2 n.1. Hernandez-Pacheco has raised no argument on appeal that the district court erred in treating all the evidence he sought to suppress as identity-related evidence and thus has abandoned any challenge that the evidence he sought to suppress included non-identity evidence. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (2003).